# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1572V
Filed: November 26, 2024

| | |
|---|---|
| LEE MEAGHER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 10, 2018, the petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 15, 2015 influenza ("flu") vaccination. (*Id.*) On November 17, 2023, the undersigned issued a decision awarding damages. (ECF No. 78.) On May 15, 2024, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 83.) Petitioner requests a total of $42,058.35 for attorneys' fees and costs, including $41,022.70 for attorneys' fees and $1,035.65 for costs. (*Id.* at 2.)

On May 16, 2024, respondent filed a response to petitioner's motion. (ECF No. 85.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.)  Respondent requests that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs. (*Id.* at 3.)

The undersigned has reviewed the billing records submitted with petitioner's request. (ECF No. 83.)  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.  The requested costs are sufficiently documented and are reasonable.  The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $42,058.35[3] as a lump sum in the form of a check payable to petitioner and petitioner's counsel, Ronald Craig Homer, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Daniel Horner</u>
Daniel Horner
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, including "advanced costs" as well as fees for legal services rendered.  Furthermore, § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.